United States v. Collins

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
GUIDO CALABRESI,
CHRISTOPHER F. DRONEY,
        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
    <u>Appellee</u>,

    -v.-                          13-2902

JOSEPH COLLINS,
    <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | WILLIAM J. SCHWARTZ (<u>with</u> Jonathan P. Bach, Reed A. Smith, Annika M. Goldman, <u>on the brief</u>), Cooley LLP, New York, New York. |
| **FOR APPELLEE:** | MICHAEL A. LEVY (<u>with</u> Harry A. Chernoff, Edward A. Imperatore, |

on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, Ch.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Joseph Collins appeals from a judgment of the United States District Court for the Southern District of New York (Preska, Ch.J.), sentencing Collins principally to one year and one day imprisonment after a jury convicted him of conspiracy, securities fraud, false filings with the Securities and Exchange Commission, and wire fraud. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Collins was outside counsel for Refco, Inc., from as early as 1997 until revelations of accounting fraud in 2005 forced the corporation into bankruptcy. The government eventually charged Collins with supporting Refco executives' scheme to conceal large amounts of intercompany debt. The scheme was based on a series of artfully timed loans, euphemistically called "short-term financings," which bounced the debt back and forth between a Refco subsidiary and Refco's parent company immediately before and after audits. The short-term financings kept the growing intercompany debt hidden from auditors, banks, customers, and regulators throughout a 2004 leveraged buyout of Refco and throughout a 2005 initial public offering.

Collins prepared documents for many of the individual transactions that, in aggregate, effected the short-term financings. However, Collins claimed in his defense that he did not know of the fraud scheme motivating these transactions. The government's showing that Collins was aware (or consciously avoided awareness) of the fraud included: Collins' work in drafting a Proceeds Participation Agreement ("PPA") in 2002, which revealed Refco's desperate capital shortage and buried the intercompany debt in a side letter; Collins' failure to disclose the PPA in the 2004 leveraged buyout, when the terms of the PPA might have raised the buyers' suspicions; Collins' ready willingness to

2

opine in 2002 that Refco's $700 million in intercompany debt was enforceable and collectable; and conversations with another attorney in 2004, negotiating a sale of Refco stock, in which Collins was explicitly confronted about the existence of $1.1 billion of debt.

In 2013, after a five-week trial, a jury convicted Collins of seven counts related to the fraud.  Collins now appeals his conviction, challenging the district court's exclusion of opinion testimony and the delivery of a jury instruction on conscious avoidance.  Neither decision represents prejudicial error.

**1.**  The district court excluded the opinion testimony of two lawyers.  This Court "review[s] a district court's evidentiary rulings for manifest error."  Raskin v. Wyatt Co., 125 F.3d 55, 65-66 (2d Cir. 1997).  Opinion testimony is inadmissible if it is not "helpful to . . . determining a fact in issue."  Fed. R. Evid. 701(b); see id. R. 702(a).  An opinion is unhelpful and therefore may not be received in evidence if, for example, the testimony would merely recapitulate aspects of the evidence that the jury can already perceive on its own, see Cameron v. City of New York, 598 F.3d 50, 62 (2d Cir. 2010); the testimony "would merely tell the jury what result to reach," United States v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992) (quoting Fed. R. Evid. 704 Advisory Committee Note); or an expert's testimony would deal with matters within "the ken of the average juror," United States v. Castillo, 924 F.2d 1227, 1232 (2d Cir. 1991).

Collins' counsel sought to elicit opinions from one lay witness and one expert regarding the materiality of the PPA during the 2004 leveraged buyout.  According to Collins' proffer, both witnesses would have testified that the PPA would have appeared immaterial to the leveraged buyout in the eyes of a lawyer unaware of Refco's fraud.  The expert, a mergers and acquisitions lawyer, would also have testified generally about the work of transactional lawyers.  The district court rejected both proffers on the grounds that the testimony would not be helpful to the jury, that the opinions depicting the PPA as immaterial would be conclusory, that Collins could alternatively establish immateriality through cross-examination of government witnesses, that a "war of experts" should be avoided, and that the materiality vel non of the PPA was within the competence of a jury unassisted by opinion testimony.  As it

3

transpired, fact witnesses proved sufficient for Collins' counsel to present the defense view of the PPA's materiality, including testimony that rights under the PPA were "extinguished" before the leveraged buyout closed.  The district court's evidentiary rulings were valid exercises of its discretion.

**2.**  The district court delivered a conscious avoidance charge over Collins' objection.  When the parties in a trial dispute the element of knowledge, a conscious avoidance charge is appropriate if "the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." United States v. Cuti, 720 F.3d 453, 463 (2d Cir. 2013) (quotation marks omitted).  This test is satisfied "where[] a defendant's involvement in the criminal offense may have been *so overwhelmingly suspicious* that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge."  United States v. Svoboda, 347 F.3d 471, 480 (2d Cir. 2003) (internal quotation marks and alteration omitted); see United States v. Goffer, 721 F.3d 113, 127–28 (2d Cir. 2013).  The evidence supporting that overwhelming suspiciousness is often the same evidence used to demonstrate actual knowledge.  See Svoboda, 347 F.3d at 480.

Collins argues on appeal that the government introduced insufficient evidence to support a conscious avoidance charge.[1]  This argument is untenable in view of the government's evidence that Collins provided a 2002 legal opinion regarding $700 million in intercompany debt, at a time when Refco's public filings reported only $179 million in intercompany debt.  Further undercutting Collins' argument is the trial evidence that another lawyer told him in 2004 that Refco's CEO had revealed the existence of a $1.1 billion debt while negotiating the price of an equity sale.  This evidence was sufficient to support the district court's conscious avoidance charge.

---

[1]Collins further argues that the district court's instruction misstated the legal standard for conscious avoidance, but he concedes that controlling precedent of this Court supports the district court's instruction.  See Goffer, 721 F.3d at 128.  Given that precedent, we see no fault in the content of the conscious avoidance instruction.

4

For the foregoing reasons, and finding no merit in Collins' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK